CITY OF LOWELL *vs.* COUNTY COMMISSIONERS OF MIDDLESEX.

Under a petition for an abatement of taxes, county commissioners have no authority to allow to the petitioner interest upon the amount abated, which had been paid by him under protest.

PETITION for a writ of *certiorari*, to quash the proceedings of the county commissioners for the county of Middlesex, upon the petition of the Lowell Manufacturing Company for an abatement of the taxes assessed upon them, in the city of Lowell, for the year 1859.

The parties agreed that the company were entitled to an abatement of $3221.84, from the amount assessed upon them, and that they had paid this sum under protest, and the interest thereon would amount to $254.96, which was to be allowed, if said amount could be allowed by law. The county commissioners allowed it, and decreed an abatement of $3476.80.

Upon these facts, the case was reserved by *Dewey,* J., for the determination of the whole court.

*A. R. Brown,* for the petitioners.

*D. S. Richardson & G. F. Richardson,* for the respondents.

BIGELOW, C. J. The county commissioners, in exercising the power conferred on them by which they are authorized to abate taxes, act as a tribunal of special and limited jurisdiction. They can render no judgment and make no order except such as comes within the scope of the authority conferred on them by statute. There is no provision of law which gives to a party whose tax is abated a right to recover interest on the sum which he receives back from the town or city in consequence of such abatement. Although it may be just and reasonable that such a recovery should be allowed, the commissioners have no power to order it, in the absence of any express enactment authorizing it. They are not constituted a tribunal with authority to adjust equities between parties arising out of the abatement of taxes. So much of their decree as allowed to the corporation interest and costs was erroneous, and must be quashed.

*Certiorari to issue.*